UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60541-BLOOM/Valle

ENSIDA ENERGY AFS, LLC,
d/b/a ENSIDA ENERGY,

    Plaintiff,

v.

DANILO GARDI, et al.,

    Defendants.
_____/

## ORDER DENYING VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Verified Emergency Motion for Temporary Restraining Order, ECF No. [7], filed on March 3, 2019. Plaintiff initiated this action on February 28, 2019. ECF No. [1]. Plaintiff seeks an immediate temporary restraining order against Danilo Gardi, Joseph Marcellino, Robert Gerber and Ensida Partners, LLC ("Defendants"): (i) restraining and/or precluding Defendants from any further use, access, or control over Plaintiff's email accounts and website, and to immediately return Plaintiff's access to and control over the company website and email accounts; (ii) restraining and precluding Defendants from conducting any further business activity under the "Ensida Energy" brand, contacting Plaintiff's current or prospective customers, or seeking any licensing agreements, contracts, certifications, or otherwise in connection with Plaintiff's proprietary intellectual property and trade secrets, including its System and Technology; and (iii) restraining and/or precluding Defendants from accessing Plaintiff's facility and/or shop or removing or accessing any inventory or product from Plaintiff's facility. *Id.* at 2.

Case No. 19-cv-60541-BLOOM/Valle

The Motion does not establish that Plaintiff has provided notice to Defendants or their attorney(s) of the Motion. The Motion contains no certificate of service. While the Motion states that "Plaintiff has attempted to provide Defendants with reasonable notice of this Motion by serving Defendants' counsel with a copy of this Motion by electronic mail," ECF No. [7] at 19, the Motion does not establish proof of service on Defendants' counsel. Pursuant to Rule 65(b), a court may issue a temporary restraining order without notice to the adverse parties or their attorney(s) only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

The United States Supreme Court has explained that the circumstances justifying the issuance of an ex parte temporary restraining order are extremely limited. *See Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 438–439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") Courts have granted an ex parte temporary restraining order "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006). Courts have also recognized "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.*

Here, the Motion identified two sources of purported irreparable harm to Plaintiff. First, because Defendants have taken control over Plaintiff's electronic communications, Plaintiff currently has no access to its company emails and the company website and Plaintiff does not

2

know what Defendants are doing with the company emails and website.  Second, Defendants continue to make efforts to access Plaintiff's facility and claim ownership of Plaintiff's property.

Plaintiff has not represented that notice to the adverse party is impossible.  Nor has Plaintiff established that notice to the Defendants would have any effect on the prosecution of this action.  Additionally, the Court has concerns about the immediacy of the purported harm to Plaintiff.  According to the Motion, Defendants asserted control of Plaintiff's company email address and company website on February 20, 2019.  The Motion does not identify any harm to Plaintiff that occurred as a result of the loss of operation of the company email address and website between February 20, 2019 and the filing of the Motion or explain why any harm is now imminent.  With respect to Plaintiff's facility, the Motion states that Plaintiff has over $400,000.00 in inventory, equipment, and personal property located at the facility, implying that said property is at risk.  But the Motion also states that Plaintiff advised its landlord that it will agree to move its inventory and property to a neutral location at the end of March.  The Motion does not otherwise identify any immediate harm related to Plaintiff's facility.  Accordingly, because Plaintiff has not shown the immediacy of harm, Plaintiff has not shown good cause to be excused from providing Defendants notice.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [7]**, is **DENIED without prejudice**.

---

[1] For the same reasons as expressed herein, the Court notes its concern as to whether the Motion was properly designated as an "emergency ."

Case No. 19-cv-60541-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of March, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record